José Muñoz-Vázquez, Plaintiff and Appellee, v. Marcelina Santana-Bonilla and Carmen Flores, Defendants and Appellants.

No. 3662. Argued June 1, 1925.—Decided June 12, 1925.

1. APPEAL—JUDGMENT—NOTICE OF APPEAL — DEBT — JURISDICTION. — On appeal from a judgment in an action of debt it is not necessary to specify in the notice of appeal the amount of the judgment in order to give the Supreme Court jurisdiction.

2. Id.—Id.—Id.—Id.—A notice of appeal that specifies a judgment excludes any appreciable orders or rulings not included in the term "judgment" as defined by law.

3. Id.—Id.—Id.—Id.—A motion for dismissal on the ground that the notice of appeal does not identify the judgment appealed from will be overruled when the judgment is identified by a certified copy thereof furnished by the appellee and referred to in his motion.

4. Id.—Id.—Id.—Id.—When an affidavit of service of notice of appeal by mail is defective the party who would avail himself of such technical defects should be careful not to supply the omissions of which complaint is made.

Motion for dismissal by the appellee. *Overruled*.
*Luis Mendín* for the appellants.   *Ricardo H. Blondet* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff-appellee moves to dismiss the appeal and says that the notice of appeal is fatally defective for reasons stated as follows:

"(*a*)—If it is sought to appeal from the judgment rendered by the First District Court of San Juan on the 2nd and entered on the 17th of April, 1925, sustaining the complaint and as a consequence directing the plaintiff to pay the sum of $250 together with interest, because, being a judgment for the recovery of money, the amount of the judgment appealed from should be stated in the notice of appeal.

"(*b*)—Because since the amount of the judgment appealed from does not appear in the notice of appeal, this Supreme Court lacks jurisdiction, since its jurisdiction is derived from the amount involved in the suit in this kind of action.

"(*c*)—Because in this case several appealable orders have been made and the appellee is entitled to advice as to the precise order appealed from so that he may prepare his defense accordingly.

"(*d*) Because the judgment or order appealed from is not identified in the notice of appeal by the date on which the same was rendered, wherefore it could not be affirmatively proved that the appeal was perfected within the period prescribed by law and that this Court acquired jurisdiction to decide the appeal.

"(*e*)—Because the jurat made by Francisco Marcano in the notice of appeal in connection with the service by mail of the said notice is fatally defective since the said affidavit falls short of the requirements of section 321 of the Code of Civil Procedure in such cases 'where the person making the service, and the person on whom it is to be made, reside or have their offices in different places,

between which there is a regular communication by mail.' Nowhere does the said affidavit recite that the parties do not reside at the same place or that the person making the service and the person on whom it is made reside or have their offices at different places."

[1] In the absence of anything to show that the case originated in the municipal court, we are somewhat at a loss to understand the contention of counsel as to the jurisdictional amount involved. If we have overlooked any recent enactment thus limiting the jurisdiction of this court, then we have unwittingly expended a vast amount of time and labor in the disposition of a considerable number of cases which otherwise would have been promptly dismissed of our own motion.

[2] The notice of appeal specifies a judgment, and to that extent excludes any appealable orders or rulings not included in the term "judgment" as defined by our Code of Civil Procedure.

[3] The fourth ground would be more tenable were it not for the fact disclosed by the certified copy of the final judgment entered on April 17th, furnished by appellee and already referred to in the extract, *supra*, taken from his motion.

So also, and conceding for the sake of argument that the notice of appeal "in some respects and for some purposes, . . . corresponds to summons by which the defendant is brought before the superior court," yet the defect complained of in paragraph (*e*) seems to have been cured by the very full and complete affidavit of service subjoined to the motion now under consideration.

[4] We have heretofore held in quite a number of cases that similar defects in the affidavit of service of a summons may be cured by evidence *aliunde,* whenever and wherever the judgment is assailed for want of jurisdiction by reason of such apparently defective service, and, in the absence of any suggestion of a satisfactory basis for a distinction in this regard, we are constrained to hold that parties who

would avail themselves of technical defects of this character, however glaring they may be, must be careful not to supply the omissions of which complaint is made.

The motion must be denied.